IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY WILLIAMS, | § | |
|     Petitioner, | § | |
| | § | 3:16-CV-1844-B |
| v. | § | 3:07-CR-0285-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to interfering with commerce by threats ("Hobbs Act"), in violation of 18 U.S.C. § 1951(a) (Count One); and using, carrying, and brandishing a firearm during and relation to a crime of violence (Count Two) in violation of 18 U.S.C. § 924(c). On August 21, 2009, the district court sentenced Petitioner to 192 months on Count One and 84 months on Count Two, to run consecutively. On August 25, 2009, Petitioner filed an appeal. On March 15, 2010, the Fifth Circuit Court of Appeals granted Petitioner's motion to dismiss his appeal.

On June 28, 2016, Petitioner filed the instant § 2255 petition. He argues his section 924(c) conviction is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argue that the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*.

On August 18, 2016, the government filed its response. On November 7, 2016, Petitioner filed a reply. The Court now finds the petition should be dismissed.

## II. Discussion

### 1. Statute of Limitations

Petitioner's claims are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the conviction became final when on April 8, 2010, when the Fifth Circuit granted Petitioner's motion to dismiss his appeal. Petitioner then had one year, or until April 8, 2011, to file his § 2255 petition. Petitioner did not file his petition until June 28, 2016. The petition is therefore untimely under § 2255(f)(1).

Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue his petition is timely under § 2255(f)(3). That section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") found at 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner's sentence, however, was not increased under the ACCA's residual clause—the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced under 18 U.S.C. § 924(c) to a consecutive 84-month term of imprisonment for using and carrying a firearm during a crime of violence. *See In re Fields*, 826 F.3d 785, 786-787 (5th Cir. 2016) (per curiam) (specifically noting that *Johnson* did not address section 924(c)(3)(B)'s residual clause definition of a crime of violence).

Additionally, Hobbs Act robbery qualifies as a crime-of-violence under 18 U.S.C. § 924(c)(3)(A)'s force clause definition and, therefore, the residual clause found at 18 U.S.C. § 924(c)(3)(B) is not implicated here. *See United States v. Buck*, 847 F.3d 267, 274-275 (5th Cir.

2017), *petition for cert. filed*, No. 16-9034 (U.S. May 1, 2017) (citing the holdings of sister circuits in concluding that "[i]t was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence" under section 924(c)(3)(A)); *see also Hobbs v. United States*, No. 3:16-CV-1139-O, 2017 WL 194291 at *4 (N.D. Tex. 2017) (dismissing section 2255 motion as time barred and holding that "the definition of a Hobbs Act robbery fits under section 924(c)'s force clause, not its residual clause."). Petitioner has therefore failed to show his claims were timely filed.

2.   **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed.

Signed this 22 day of Sept, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).